ORDERED.

Dated:  January 14, 2016

_____
Michael G. Williamson
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                                      Case No. 8:13-bk-16797-MGW
                                                                                            Chapter 7
Earl Leroy Snyder, II and
Michelle Lee Snyder,

        Debtors.
_____/

David Leadbetter and
Kelly Leadbetter,

        Plaintiffs,                                                                   Adv. No. 8:15-ap-00644-MGW

v.

Earl Leroy Snyder, II and
Michelle Lee Snyder,

        Defendants.
_____/

**MEMORANDUM OPINION ON
DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(3)
AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Bankruptcy Code § 523(a)(3)(A) excepts from discharge any debt that is not scheduled by the debtor unless the creditor had actual knowledge of the case in time to timely file a proof of claim. Section 726(a)(2)(C), however, provides that a tardily filed claim gets treated as if it were timely filed if the creditor did not have actual knowledge of the case in time for filing of a timely proof of claim and the claim is filed in time for it to be paid. In this case, the Debtors failed to list David and Kelly Leadbetter as creditors when they filed this case. And the Leadbetters did not receive notice of this case in time to file a proof of claim by the bar date. But the Debtors filed a proof of claim on the Leadbetters' behalf, and the Chapter 7 Trustee has not yet made any distribution to creditors. Accordingly, reading § 523(a)(3)(A) in conjunction with § 726(a)(2)(C), the Leadbetters' claim is not excepted from discharge. The Leadbetters' Motion for Summary Judgment will be denied.

## Background

The Debtors at one time owned real property located in Bradenton, Florida. On February 20, 2009, the Debtors contracted to sell that property to the Leadbetters for $2 million.[1] On December 27, 2013, nearly five years after selling their property to the Leadbetters, the Debtors filed for bankruptcy.

At the time of their bankruptcy filing, the Debtors were unaware that there were any defects in the property they sold to the Leadbetters that could give rise to a claim in this bankruptcy case.[2] As a result, the Leadbetters were not listed as creditors.[3] The Debtors received

---

[1] Adv. Doc. No. 18 at ¶ 7; Adv. Doc. No. 21 at ¶ 7.

[2] Adv. Doc. No. 18 at ¶¶ 12-15; Adv. Doc. No. 21 at ¶¶ 12-15.

[3] Doc. No. 1 at Schedules D & F.

their discharge on April 1, 2014.[4] And the dischargeability deadline and claims bar date expired on March 31, 2014 and June 9, 2014, respectively.[5]

On December 17, 2014, nearly six years after the Debtors sold their property to the Leadbetters and a year after this bankruptcy case was filed, the Leadbetters sued the Debtors in state court for failing to disclose material defects in the home when the Debtors sold it to them. At the time they sued the Debtors, the Leadbetters were unaware of this bankruptcy case. The Leadbetters did not receive notice of the filing of this bankruptcy case until the Debtors filed a Suggestion of Bankruptcy in the state court case on January 14, 2015. Shortly after the state court case was filed, the Debtors amended their schedules to list the Leadbetters as creditors.[6]

On October 26, 2015, after the claims bar date had already expired, the Debtors filed a proof of claim in this case on the Leadbetters behalf.[7] It appears there will be a dividend to unsecured creditors in this case because the Court previously approved a settlement between the Trustee and the Debtors under which the estate received $15,000 from the Debtors for certain assets whose value exceeded the applicable exemptions.[8] As of the date of this opinion, the Trustee has not made any distribution to creditors. So even though the claim filed on the Leadbetters' behalf was tardily filed, the Leadbetters will nevertheless share equally with other unsecured creditors in this case because (i) they did not have notice or actual knowledge of the case in time to timely file a proof of claim; and (ii) the proof of claim filed on the Leadbetters'

---

[4] Doc. No. 23.

[5] Doc. Nos. 4 & 14.

[6] Doc. No. 33.

[7] Claim No. 11. Section 501(c) authorizes a debtor to file a proof of claim on a creditor's behalf.

[8] Doc. No. 39.

behalf was done in time to permit payment of their claim since the Trustee has yet to make a distribution to creditors in this case.[9]

The Leadbetters have now filed this proceeding seeking to have their debt determined nondischargeable under § 523(a)(3)(A), a provision that excepts from discharge any debt that is not scheduled by the debtor unless the creditor had actual knowledge of the case in time to timely file a proof of claim. While the Debtors acknowledge that the Leadbetters were not initially listed and could not have filed a proof of claim by the claims bar date, they assert two reasons why any claim held by the Leadbetters would not be nondischargeable under § 523(a)(3)(A).

First, they point out that they could not have listed the Leadbetters' claim in time for them to file a proof of claim because they had no knowledge that the Leadbetters' claim even existed until well after the claims bar date had passed. Second, the Debtors argue that while the Leadbetters' claim would be nondischargeable under the literal wording of § 523(a)(3)(A) since it was not listed in their schedules in time for the Leadbetters to file a proof of claim, they say the Court must consider § 523(a)(3)(A) in tandem with § 726(a)(2)(C), which provides that a tardily filed claim gets treated as if it were timely filed if (i) the creditor did not have actual knowledge of the case in time to timely file a proof of claim; and (ii) the claim is filed in time to permit payment of such claim.

## Conclusions of Law

As a threshold matter, the Court concludes that that § 523(a)(3) does not apply because the Debtors were unaware of the Leadbetters' claim at the time this case was filed. And even if § 523(a)(3) did apply, the Court concludes the Leadbetters' claim still is not nondischargeable

---

[9] 11 U.S.C. § 726(a)(2)(C).

because even though the Leadbetters did not have notice or actual knowledge of this case, a proof of claim was filed in time for their claim to be paid.

### Section 523(a)(3) does not apply because the Debtors were unaware of the Leadbetters' claim.

Based on the unrebutted affidavits filed by the Debtors in response to the motion for summary judgment,[10] it is clear that at the time of the filing of this bankruptcy case, the Debtors did not know that the Leadbetters had a claim against them. The Leadbetters' claim was first asserted in a state court lawsuit filed nearly six years after the Debtors sold the house to the Leadbetters and one year after the Debtors filed this bankruptcy case. And while the Debtors were certainly knowledgeable about the transaction in which they sold their prior home to the Leadbetters, the evidence in the record makes clear that none of those facts put them on notice that the Leadbetters may have had a claim in this bankruptcy case.

Under the circumstances, § 523(a)(3)(A) does not apply to render the Leadbetters' claim nondischargeable.[11] As Judge Alexander L. Paskay explained in *In re Wilson*, that provision only applies to unscheduled claims "known to the debtor":

> It is clear that [the creditor] was not known by the Debtor as an entity which was or might assert a claim against it. For this reason, it is evident that the exception set forth in § 523(a) is not applicable."[12]

---

[10] Adv. Doc. Nos. 18 & 21.

[11] *See, e.g.*, *Whitehead v. Wallace (In re Whitehead)*, 2015 WL 5771215, at *5 (Bankr. E.D.N.C. 2015) (citing *Muir v. McWilliams*, 517 B.R. 132, 139 (S.D. Ind. 2014) (holding that the discharge exception for debts that are not listed or scheduled would not apply to a claim that was not known to debtors until after they received their discharge)); *Manzanares v. State Farm Fire & Cas. Co. (In re Manzanares)*, 345 B.R. 773, 790 (Bankr. S.D. Fla. 2006) (explaining it is "inappropriate to demand that the debtor schedule a debt which he does not realize exists"); *see also Schlueter v. State Farm Mutual Ins. Co. (In re Schlueter)*, 391 B.R. 112, 116 (B.A.P. 10th Cir. 2008) (explaining that "[p]ursuant to § 523(a)(3), a debtor has a responsibility to list claims only if *known*").

[12] *Aetna Cas. & Sur. Co. of Illinois v. Wilson (In re Wilson)*, 200 B.R. 72, 74 (Bankr. M.D. Fla. 1996) (finding that Chapter 7 debtor "had no basis to assume or even to suspect that" the plaintiff would bring charges against the debtor, even though the plaintiff took his statement under oath during proceedings leading up to two lawsuits against the debtor's company).

Because the Debtors had no knowledge about a potential claim held by the Leadbetters and therefore could not have scheduled any such claim at the time this case was filed, § 523(a)(3)(A) does not render the Leadbetters' claim nondischargeable.

Section 523(a)(3) does not apply because the Leadbetters'
claim was filed in time to permit payment of such claim.

Even if they had known that the Leadbetters might have had a claim arising from the sale of the Debtor's house to them, the Debtors' failure to list them as creditors would not render their claim nondischargeable because a claim was filed on their behalf before the Trustee made any distribution to creditors. Under § 726, tardily filed claims are subordinate to timely filed claims with one pertinent exception the Debtors contend applies here. That exception is found in § 726(a)(2)(C), a provision that permits tardily filed claims to be paid as if timely filed, so long as (i) the creditor did not have actual knowledge of the case in time to file a timely claim; and (ii) a proof of claim was filed in time to permit payment of such claim as was done in this case.[13]

So the issue before the Court is whether § 523(a)(3)(A) should be read in tandem with § 726(a)(2)(C), making claims dischargeable in cases where, even though creditors were not initially scheduled so that a timely proof of claim could have been filed, a claim was nevertheless filed on the creditor's behalf in time for distribution with creditors holding timely filed proofs of claim. Courts have taken two different approaches to this issue: the "plain language approach"[14] and the "distribution approach."[15]

---

[13] 11 U.S.C. § 726(a)(2)(C).

[14] *See, e.g., Mahakian v. William Maxwell Invs., LLC (In re Mahakian)*, 529 B.R. 268, 276 (B.A.P. 9th Cir. 2015) ("Debtor's reliance on the excusable neglect standard to override the plain language of § 523(a)(3) is also misplaced."); *In re Schlueter*, 391 B.R. at 116 (explaining that "[w]here, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" (quoting *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989)). *See also Croix Oil Co. v. Moua (In re Moua)*, 457 B.R. 755, 758-60 (Bankr. D. Minn. 2011).

[15] *See, e.g., Kowalski v. Romano (In re Romano),* 59 F. App'x 709, 713-14 (6th Cir. 2003).

Cases following the plain language approach point to the language of § 523(a)(3), which does not on its face differentiate between timely filed claims and tardily filed claims that share equally in the distribution of the bankruptcy estate. According to these courts, § 523(a)(3) would make a debt nondischargeable even if the creditor had knowledge in time to file a tardy proof of claim and fully participate in the distribution under § 726(a)(2)(C).[16] Courts following the "plain language approach" reason that to hold otherwise would render the "timely" language in § 523(a)(3) meaningless.[17]

By contrast, courts following the "distribution approach" take a holistic view and hold that in chapter 7 cases, § 523(a)(3) must be read in conjunction with § 726(a)(2)(C).[18] These courts start with the premise that the central purpose of the Bankruptcy Code is to allow the debtor to reorder his or her affairs and enjoy a fresh start.[19] In order to promote this central purpose, exceptions to discharge and § 523(a) must be narrowly construed.[20] While a creditor who has timely knowledge of a bankruptcy has many rights, including the right to question the debtor at the creditors' meeting, § 523(a)(3) is only concerned with the ability to file a proof of claim.[21]

---

[16] *Id.* at 714.

[17] *Hauge v. Skaar (In re Hauge)*, 232 B.R. 141, 148-49 (Bankr. D. Minn. 1999); *Spilka v. Bosse (In re Bosse)*, 122 B.R. 410, 416 (Bankr. C.D. Cal. 1990).

[18] *Lott's Furniture, Inc. v. Ricks (In re Ricks)*, 253 B.R. 734, 744 n.42 (Bankr. M.D. La. 2000) ("'Timely' under section 523(a)(3) can only mean filed in time to receive on an equal footing distribution of any dividends paid pursuant to section 726(a).") (quoting *In re Kuhr,* 132 B.R. 421, 423-424 (Bankr. E.D. Cal. 1991). *But see In re Moua*, 457 B.R. at 759 ((disagreeing with the *Ricks* court's "'holistic approach' to statutory construction, under which provisions of a comprehensive enactment that are extraneous to the one that specifically governs the subject matter in suit are considered in order to determine the meaning of words in the governing provision.").

[19] *In re Romano*, 59 F. App'x at 714.

[20] *Id*. (citing *In re Meyers,* 196 F.3d 622, 624 (6th Cir. 1999)).

[21] *Id*. It is noteworthy that under § 17a of the Bankruptcy Act of 1898, the predecessor to § 523(a)(3), the Supreme Court, in *Birkett v. Columbia Bank*, had held that the section had a dual purpose of protecting the creditor's right to

Given that this is the purpose of § 523(a)(3), the Court adopts the "distribution approach" and concludes that the "determinative factor on timeliness must be whether the creditor filed a proof of claim in time to share in the distribution."[22] And so long as even a tardily filed claim is filed in time to share in the distribution from the estate, then the purpose of § 523(a)(3) in protecting the unscheduled creditor's right to share in the distribution of the bankruptcy estate has been accomplished.[23]

**Conclusion**

It is clear from the record that at the time of the filing of the bankruptcy, the Debtors had no knowledge concerning the existence of a potential claim held by the Leadbetters. Moreover, a proof of claim was filed on their behalf in time to share in the distribution of assets to creditors. Accordingly, based on the record before the Court, the Court concludes that the claim held by the Leadbetters is dischargeable. Accordingly, it is

**ORDERED** that the Plaintiffs' Motion for Summary Judgment[24] is DENIED.

Attorney Richard John Cole, III is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.

---

not only file a claim but also to participate fully in the administration of the estate. 195 U.S. 345 (1904). Congress, however, intended to overrule *Birkett* when it enacted the new § 523(a)(3). *Eglin Fed. Credit Union v. Horlacher (In re Horlacher)*, 2009 WL 903620, *9 (N.D. Fla. March 31, 2009) (explaining that "by enacting § 523(a)(3), Congress intended to overrule *Birkett*") (citing *Stone v. Caplan (In re Stone)*, 10 F.3d 285, 290 (5th Cir. 1994)).

[22] *In re Romano*, 59 F. App'x at 714.

[23] *Id*. This result is also consistent with *Samuel v. Baitcher (In re Baitcher)*, 781 F.2d 1529, 1534 (11th Cir. 1983), in which the Eleventh Circuit suggested in dicta that in the absence of fraud or intentional design a Chapter 7 debtor with no assets should be allowed to amend her schedules to include a debt not previously disclosed in the bankruptcy. *See also White v. Nielsen (In re Nielsen)*, 383 F.3d 922, 926-27 (9th Cir. 2004) ("Such a failure to list nevertheless does not make the debt nondischargeable in a no-assets, no-bar-date Chapter 7 bankruptcy because, in such a bankruptcy, there is no time limit for "timely filing of a proof of claim," so none are untimely. In other words, filing of a claim is meaningless and worthless in a no-assets case.").

[24] Adv. Doc. No. 12.

Richard John Cole, III, Esq.
R. John Cole, II & Associates, P.A.
*Counsel for Debtors/Defendants*

Mary A. Joyner, Esq.
Bernard J. Morse, Esq.
Morse Law Firm, P.A.
*Counsel for Plaintiffs*